[Cite as *KeyBank, N.A., v. Troutman*, 2026-Ohio-2721.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KEYBANK, N.A.,                              :

    Plaintiff-Appellee,              :

                              No. 115872

    v.                               :

HOLDEN TROUTMAN,                            :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 16, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-108811

---

### *Appearances:*

Weltman, Weinberg and Reis and Denise M. Leskovec, *for appellee*.

Holden Troutman, *pro se*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Holden Troutman ("Troutman"), pro se, appeals the trial court's decision granting default judgment in favor of plaintiff-appellee KeyBank, N.A. ("KeyBank") and denying his motions to dismiss the

complaint and set aside the default judgment under Civ.R. 60(B).  Upon review, we affirm the trial court's decisions.

## I.      Facts and Procedural History

{¶ 2}   In December 2024, KeyBank filed a complaint against Troutman for his failure to make payments according to the terms of a line-of-credit agreement. KeyBank sought a money judgment against Troutman for the principal sum and accrued interest.  KeyBank attached the line-of-credit agreement and Troutman's account statement to the complaint.

{¶ 3}   Troutman was served with a copy of the complaint on December 23, 2024, and a case-management conference was scheduled.  Troutman did not answer or respond to the complaint.  In March 2025, the case-management conference was cancelled and rescheduled as a default hearing. KeyBank was ordered to file a motion for default judgment along with an affidavit of damages and Troutman's military-service status, a proposed judgment entry, and a copy of the correspondence sent by KeyBank notifying Troutman of the date and time of the hearing via certified mail (collectively, "default-judgment documents").

{¶ 4}   KeyBank filed a motion for default judgment and a notice of filing, which included the following: a letter sent via ordinary and certified mail from KeyBank's counsel to Troutman informing him of the default hearing ("hearing letter"); an affidavit executed by KeyBank's counsel regarding the perfection of service upon Troutman ("service affidavit"); an affidavit executed by KeyBank's senior litigation specialist attesting to the amount due ("damages affidavit"); and an

affidavit executed by KeyBank's counsel establishing that Troutman was not in the military ("military affidavit").

{¶ 5} Troutman appeared for the default hearing, and a case-management conference was scheduled. The conference was held in June 2025, and Troutman was ordered to answer or respond to the complaint prior to the next default hearing, which was set for July 2025. Troutman was warned that judgment may be entered against him if he failed to comply, and KeyBank was again ordered to file the default-judgment documents. The trial court's journal entry noted that notice was issued.

{¶ 6} In July 2025, KeyBank filed another notice of filing and attached an updated hearing letter, damages and military affidavits, and a proposed judgment entry. Troutman did not answer or respond to the complaint, and the default hearing was held. The trial court issued a final judgment entry on July 30, 2025, awarding judgment to KeyBank and against Troutman in the amount of "the principal sum of $75,806.90, plus accrued interest in the amount of $4,843.01, and its costs herein." Therein, the trial court noted "that defendant was given prior notice and an opportunity for a judicial hearing at which [Troutman] could assert defenses to [KeyBank's] claim."

{¶ 7} In August 2025, Troutman filed a motion to set aside the default judgment pursuant to Civ.R. 60(B)[1] Therein, Troutman argued that he was never

---

[1] Civ.R. 6(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

properly served with notice of the July 2025 default hearing. Troutman further asserted that the amount KeyBank claimed was owed was inaccurate and/or unsupported by admissible evidence, KeyBank's claims were barred by the statute of limitations, and there was a lack of contractual privity. Troutman filed an affidavit in support of his motion, attesting that a hearing notice was not mailed, delivered, or served upon him and he did not receive telephone communications, emails, or follow-ups from the trial court or KeyBank's counsel. Troutman further attested that he was not present at the July 2025 default hearing because of the lack of service and was unaware that a default could or would be entered. Troutman stated that he would have appeared and presented his defenses had he received proper notice.

{¶ 8} The trial court scheduled another default hearing in September 2025. Prior to the hearing, Troutman filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(5) and (6) or for a more definite statement, and KeyBank filed an

---

(1) Mistake, inadvertence, surprise or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) Any other reason justifying relief from the judgment.

The motion shall be made with a reasonable time . . . .

additional notice of filing the default-judgment documents. It is unclear whether this hearing was held.

**{¶ 9}** In October 2025, KeyBank filed a brief in opposition to Troutman's motions. KeyBank countered that the complaint was properly served upon Troutman and discussed Troutman's participation in the case. KeyBank emphasized that the trial court gave Troutman "more than enough" notice, deference, and time to comply with its rules and orders — including holding a case-management conference in June 2025 and permitting him to file an answer prior to the July 2025 default hearing — however, Troutman failed to comply.

**{¶ 10}** On November 3, 2025, the trial court denied Troutman's Civ.R. 12(B) motion to dismiss the complaint and his Civ.R. 60(B) motion for relief from judgment.

**{¶ 11}** On December 1, 2025, Troutman filed a notice of appeal. Troutman indicated that he would be filing an App.R. 9(C) statement of evidence or proceedings.[2] After Troutman failed to file the App.R. 9(C) statement by the deadline, this court sua sponte converted the appeal into an App.R. 9(A) record. Troutman filed his appellate brief, raising four assignments of error for review.

---

[2] App.R. 9(C)(1) provides: "If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."

**Assignment of Error No. 1**

The trial court erred and abused its discretion by entering default judgment when [KeyBank] failed to comply with the court's pre-hearing order and the requirements of Civ.R. 41(B) and Civ.R. 55(A).

**Assignment of Error No. 2**

The trial court erred in denying [Troutman's] motion to set aside the default judgment under Civ.R. 60(B), even though [Troutman] showed a meritorious defense, grounds for relief, and timeliness under *GTE Automatic Electric v. ARC Industries*.

**Assignment of Error No. 3**

The trial court erred in accepting and enforcing a complaint and unauthenticated exhibits that did not meet the requirements of Civ.R. 10(D)(1) and Evid.R. 901 because they did not provide a complete, itemized, and verified account of the alleged debt.

**Assignment of Error No. 4**

The trial court abused its discretion by not affording reasonable latitude to a pro se litigant and by denying relief in a manner inconsistent with due process under the Ohio Constitution and Ohio case law.

## II.    Law and Analysis

{¶ 12} As an initial matter, we note that Troutman acted pro se in the proceedings below and is acting pro se in the instant appeal. "'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standards as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Indeed, "'[p]ro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 2008-Ohio-4586, ¶ 9

(8th Dist.), quoting *Williams v. Lo*, 2008-Ohio-2804, ¶ 18 (10th Dist.).  With these concepts in mind, we turn to Troutman's assignments of error.

## A.  Jurisdictional Issues

{¶ 13} Since "[t]his court has a duty to examine, sua sponte, potential deficiencies in jurisdiction," we begin our analysis with the jurisdictional issues presented by Troutman's first and third assignments of error.  *Cooney v. Radostitz*, 2021-Ohio-2521, ¶ 12 (8th Dist.).

{¶ 14} An order is considered final when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).  An order "determines the action and prevents a judgment" when it "'dispose[s] of the whole merits of the cause or some separate and distinct branch thereof and leave[s] nothing for the determination of the [trial] court.'" *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.*, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989).

{¶ 15} Generally, a trial court loses jurisdiction over the substantive merits of a case after entering a final judgment.  *Miles v. Cleveland Clinic Health Sys.-E. Region*, 2026-Ohio-190, ¶ 8 (8th Dist.), citing *State ex rel. Mather v. Oda*, 2023-Ohio-3907, ¶ 1; *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2024-Ohio-5729, ¶ 20 ("A trial court's jurisdiction over a matter is limited once proceedings are complete.").  Absent specific authority prescribed by the Ohio Rules of Civil Procedure, a trial court may not continue to act after a case has ended; any

ruling issued outside the scope of recognized post-judgment motions is void. *Benedict Firelands Platt, LLC v. FTFT Supercomputing, Inc.*, 2026-Ohio-678, ¶ 16 (6th Dist.). Civ.R. 60(B) is one such avenue, providing that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding" under certain grounds. A Civ.R. 60(B) order is "clearly within the express language of R.C. 2505.02" and is considered a final, appealable order. *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150 (1976).

{¶ 16} An appeal from a final order must be filed within 30 days of its entry. App.R. 4(A)(1). "Without the timely filing of a notice of appeal, an appellate court is without jurisdiction to hear the appeal." *Cleveland v. Damato*, 2026-Ohio-356, ¶ 11 (8th Dist.), citing *State v. White*, 2004-Ohio-5200, ¶ 23 (8th Dist.), citing *Bosco v. Euclid*, 38 Ohio App.2d 40 (8th Dist. 1974).

{¶ 17} Here, the July 30, 2025 journal entry is a final order: it disposed of "the whole merits of the cause" by (1) rendering a default judgment against Troutman and in favor of KeyBank on its complaint and (2) determining the amount of damages. Therefore, the trial court lost jurisdiction over the case's substantive merits; it could not adjudicate the complaint again by holding a subsequent default hearing or ruling on Troutman's Civ.R. 12(B) motion to dismiss. However, the trial court retained authority to rule on Troutman's Civ.R. 60(B) motion. The November 3, 2025 journal entry denying Troutman's motion for relief from judgment is also a final order. Troutman filed an appeal on December 1, 2025, within App.R. 4(A)(1)'s

30-day deadline for appealing the November 3, 2025 Civ.R. 60(B) denial but well-beyond it for the July 30, 2025 final judgment.

{¶ 18} "Bootstrapping" occurs when an error is assigned "'from a final order that was not the subject of a timely notice of appeal' in an 'otherwise timely appeal.'" *Plaza v. Roberts*, 2024-Ohio-3021, ¶ 16 (8th Dist.), quoting *Basit v. Chapman*, 2016 Ohio App. LEXIS 2399, *2-3 (8th Dist. June 23, 2016). "This court has 'consistently refused' to address 'bootstrapped' assignments of error" since the practice "is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." (Cleaned up.) *Id.*, citing *Basit* and *Chapon v. Std. Contracting & Eng.*, 2007-Ohio-4306, ¶ 3 (8th Dist.).

{¶ 19} Moreover, it "has been long-accepted by Ohio courts" that a party may not utilize a Civ.R. 60(B) motion as a substitute for an appeal. *Kung v. State Farm Fire & Cas. Co.*, 2026-Ohio-1565, ¶ 12 (8th Dist.) (explaining that "res judicata bars a party from relitigating a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued"), citing *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 131 (1986) (referring to this concept as "axiomatic"); *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 16 ("It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion."). When an appellant bootstraps a prior final order that was not properly appealed by challenging the trial court's subsequent denial of Civ.R. 60(B) motion, this court lacks jurisdiction to hear

the appeal from the bootstrapped order. *In re A.P.*, 2026-Ohio-743, ¶ 14 (8th Dist.), citing *Issa v. Cleveland Metro. School Dist.*, 2025-Ohio-4848, ¶ 11 (8th Dist.), citing *Bukovec v. Keger*, 2024-Ohio-1162 (8th Dist.).

{¶ 20} Here, Troutman's appeal from the denial of his Civ.R. 60(B) motion is timely, but the substance of his first and third assignments of error address only the merits of the July 30, 2025 final default judgment. Consequently, Troutman is attempting to bootstrap time-barred arguments and improperly seeks review of alleged errors that he failed to timely appeal. We lack jurisdiction to consider those arguments and disregard Troutman's first and third assignments of error.

### B. **Civ.R. 60(B) Denial and Due Process for Pro Se Litigants**

{¶ 21} Next, we turn to Troutman's second and fourth assignments of error. In his second assignment of error Troutman challenges the trial court's denial of his Civ.R. 60(B) motion. In his fourth assignment of error, Troutman claims that the trial court "abused its discretion by failing to afford reasonable latitude to a pro se litigant" and denied relief in a way that violated his right to due process.

{¶ 22} After reviewing his appellate brief, we acknowledge that Troutman cites rules, case law, and Ohio Const., art. I, § 16 to establish general legal principles. However, Troutman does not provide any authority to support his case-specific arguments or refute the authority set forth by KeyBank.

{¶ 23} For example, Troutman cites *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), to recite the three elements a movant must establish to be entitled to Civ.R 60(B) relief. However, Troutman does not

provide any authority to support his claims that he raised meritorious defenses, was entitled to relief under Civ.R. 60(B)(1) and (5), and filed the motion within a reasonable time.

{¶ 24} Troutman also cites Ohio Const., art. I, § 16 for its mandate "that every person . . . shall have a remedy by due course of law" and *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935 (8th Dist.), for the proposition that "Ohio courts recognize that [pro se litigants] may be afforded reasonable latitude." However, this court qualified that statement in *Saeed*, noting that "there are limits to a court's leniency." *Id.* at ¶ 7. Therein, we also reiterated that "[p]ro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Id.* Apart from these references, Troutman does not cite any authority to support his conclusion that the trial court's alleged "procedural irregularities and lack of consideration" — namely, entering default judgment, denying his Civ.R. 60(B) motion, and failing to hold a hearing or "meaningfully addressing the evidentiary and procedural concerns raised" in that motion — violated his right to due process.

{¶ 25} App.R. 16(A)(7) requires appellants to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." When appellants fail to cite any legal authority in support of their claims, this court is allowed to disregard them. *Lewicki v. Grange Ins. Co.*, 2023-Ohio-4544, ¶ 41 (8th

Dist.), citing *Pinkney v. Salett*, 2011-Ohio-4121, ¶ 3 (8th Dist.), citing App.R. 12(A)(2); App.R. 16(A)(7); *Siemientkowski v. State Farm Ins.*, 2005-Ohio-4295, ¶ 23 (8th Dist.).

{¶ 26} Indeed, it is well settled that appellate courts are not advocates, and appellants bear the burden of constructing the legal arguments necessary to support their assignments of error. *Id.*, citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.), and *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.). "'If an argument exists that can support [an] assigned error, it is not this court's duty to root it out.'" *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1998).

{¶ 27} The burden rests with Troutman to establish the validity of his assignments of error; yet he provides this court with minimal guidance or support for his positions. Therefore, we decline to review Troutman's second and fourth assignments of error.

{¶ 28} However, we note that even if we were to address the merits of Troutman's appeal, we would find that the trial court properly denied his Civ.R. 60(B) motion. In his Civ.R. 60(B) motion, Troutman does not offer any explanation as to why he did not file an answer to KeyBank's complaint — either after the complaint was served or in compliance with the trial court's subsequent order. After failing to file a timely answer, Troutman was present at a June 2025 case-management conference. Troutman was ordered to answer or respond to the

complaint prior to the next default hearing, which was set for July 2025. Troutman was warned that judgment may be entered against him if he failed to comply. Nonetheless, Troutman failed to file an answer or response prior to the July 2025 default hearing.

{¶ 29} Nor does Troutman offer any explanation as to why he was unable to apprise himself of deadlines and court dates by checking the docket; rather he shifts blame to the trial court and KeyBank, claiming that he was not properly served with notice of the default hearing. However, in addition to the court's own notification system, KeyBank filed default-judgment documents — which included hearing letters — in compliance with the trial court's orders on several occasions. Even on appeal, Troutman's contentions regarding the grounds entitling him to relief do not contemplate his own neglectful acts or mistakes; rather, he focuses solely on KeyBank's purported failures. Consequently, we cannot say that the trial court abused its discretion when it denied Troutman's Civ.R. 60(B) motion for relief from judgment.

{¶ 30} Accordingly — and in the absence of any authority cited to the contrary — we overrule his second and fourth assignments of error and affirm the trial court's decision.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
EILEEN A. GALLAGHER, J., CONCUR